# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0755
Lower Tribunal No. F25-18152

_____

**Roland Morales,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura María González-Marqués, Judge.

Roland Morales, in proper person.

James Uthmeier, Attorney General, for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Petitioner, Defendant below, Roland Morales, appeals the trial court's denial of his petition for habeas corpus. Although Morales has styled his petition as a writ of habeas corpus, a review of Morales' motion demonstrates that it is a Rule 3.850 motion, arguing ineffective assistance of counsel at the trial level for various alleged failures and conflict of interest. Morales' grounds for relief argue his sentencing enhancement was illegal given the U.S Supreme Court's decision in Erlinger v U.S., 144 S. Ct. 1840 (2024) and that his life sentence is constitutionally illegal.

This Court, like the trial court below, lacks jurisdiction to address Morales' claims regarding the effectiveness of his counsel and the propriety of his sentence. The State obtained Morales' conviction in the Thirteenth Judicial Circuit. "[W]hen the petition is based upon the legality of the conviction imposed in another circuit," jurisdiction lies in the circuit that imposed the sentence, not the circuit where the petitioner is incarcerated. Johnson v. State, 947 So. 2d 1192, 1193 (Fla. 3d DCA 2007). Thus, Morales' claims regarding whether his sentence is permissible must be addressed in Thirteenth Judicial Circuit.

We affirm the trial court's denial of Morales' petition, without prejudice, and with leave for him to file his petition in the appropriate venue.

Affirmed.